2009 UT App 329

**CHEAP–O–ROOTER, INC.,**
**Plaintiff and Appellee,**

v.

**MARMALADE SQUARE CONDOMINI-**
**UM HOMEOWNERS ASSOCIATION,**
**Bruce Manka, and Frank Guyman, De-**
**fendants and Appellants.**

**No. 20090166–CA.**

Court of Appeals of Utah.

Nov. 13, 2009.

Sarah Hardy, Park City, for Appellants.

Dennis L. Mangrum, Salt Lake City, for Appellee.

Before Judges GREENWOOD, ORME, and McHUGH.

## OPINION

GREENWOOD, Presiding Judge:

¶ 1 Defendants Marmalade Square Condominium Homeowners Association, Bruce Manka, and Frank Guyman (collectively Marmalade) appeal the district court's decision to set aside a default judgment entered against Plaintiff Cheap–O–Rooter, Inc. after Cheap–O–Rooter failed to appear at a hearing. In moving to have the default judgment set aside, Cheap–O–Rooter submitted a motion with no accompanying memorandum. The motion did not state a legal basis for setting aside the default judgment and was not accompanied by an affidavit. The district court set aside the default judgment against Cheap–O–Rooter but did not enter findings of fact or state a legal basis. Notwithstanding the deficiencies of Cheap–O–Rooter's motion, we consider only whether the district court erred by setting aside the default without entering findings of fact or stating a legal basis for its decision. We conclude the district court erred and therefore remand for further proceedings.

## PROCEDURAL HISTORY[1]

¶ 2 At a pretrial conference, the district court scheduled a bench trial for October 14,

1. The underlying facts are not determinative; therefore, we describe only the procedural histo-

2008. The district court sent to counsel a Notice of Bench Trial that incorrectly listed the trial date as November 14, 2008, but subsequently sent a Corrected Notice of Bench Trial clarifying that the trial date was October 14, 2008. Later, in a telephone conference call between the district court and counsel for both parties, the trial date was changed to October 28, 2008.

¶ 3 Cheap–O–Rooter did not appear at trial on October 28, 2008. Marmalade was present and prepared to proceed. The district court authorized the entry of a default judgment against Cheap–O–Rooter but the clerk mistakenly indicated in the minutes that it was Marmalade that did not appear and entered default judgment against Marmalade.

¶ 4 Marmalade filed a motion with supporting memorandum and affidavit asking the district court to correct the default judgment to show that it was Cheap–O–Rooter who failed to appear and that default judgment was entered against Cheap–O–Rooter. In response, Cheap–O–Rooter filed a motion to set aside the default judgment and set a new trial date. As stated above, Cheap–O–Rooter did not provide a supporting memorandum or affidavit, and did not specify the legal basis for its motion. Marmalade filed a memorandum opposing Cheap–O–Rooter's motion.

¶ 5 The district court signed an order correcting the minutes and entering Cheap–O–Rooter's default. However, the district court then, by minute entry, set aside the default judgment against Cheap–O–Rooter. The minute entry did not include any findings of fact or underlying explanation of the basis for the district court's action.

¶ 6 When originally granting default judgment against Cheap–O–Rooter, the district court requested that Marmalade's counsel file a request for attorney fees. No order granting attorney fees was ever entered by the district court. Marmalade filed this interlocutory appeal claiming error by the district court in setting aside the default judgment and seeking attorney fees incurred at the trial level and on appeal.

ry.

## ISSUES AND STANDARD OF REVIEW

¶ 7 We consider whether the district court erred in setting aside the default judgment against Cheap–O–Rooter. Generally, we review such an order for abuse of discretion. *See Menzies v. Galetka,* 2006 UT 81, ¶ 54, 150 P.3d 480. However, in this instance we must determine if the court's order was deficient as a matter of law, and we therefore accord no deference to the district court. *See id.* ¶ 55.

¶ 8 Marmalade also asks for attorney fees and costs on appeal and asks for clarification regarding the award of fees at the district court.

## ANALYSIS

¶ 9 District courts have broad discretion in ruling on a motion to set aside a default judgment. *See id.* ¶ 54. In *Menzies v. Galetka,* 2006 UT 81, 150 P.3d 480, the Utah Supreme Court explained:

It is well established that 60(b) motions should be liberally granted because of the equitable nature of the rule. Therefore, a district court should exercise its discretion in favor of granting relief so that controversies can be decided on the merits rather than on technicalities. Accordingly, it is an abuse of discretion for a district court to deny a 60(b) motion to set aside a default judgment if there is a reasonable justification for the moving party's failure and the party requested 60(b) relief in a timely fashion.

*Id.* ¶ 54 (citations omitted). However, that discretion is not without its limits. In *Menzies,* the supreme court required district courts to include explanations for decisions on these motions:

[A] district court's ruling on a motion to set aside a default judgment "must be based on adequate findings of fact and on the law." We review a district court's findings of fact under a clear error standard of review. We review a district court's con-

clusions of law for correctness, affording the trial court no deference.

*Id.* ¶ 55 (citations omitted).

¶ 10 We recognize that, in its motion to the district court, Cheap–O–Rooter did not comply with rule 7 of the Utah Rules of Civil Procedure, which requires that "[a] motion shall be in writing and state succinctly and with particularity the relief sought and the grounds for the relief sought," Utah R. Civ. P. 7(b)(1), and that "[a]ll motions, except uncontested or ex parte motions, shall be accompanied by a supporting memorandum," *id.* R. (7)(c)(1). Furthermore, rule 60(b) of the Utah Rules of Civil Procedure enumerates six circumstances under which the district court may relieve a party from a final judgment, two of which may be applicable in this case: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment." *Id.* R. 60(b)(1), (6).

¶ 11 Cheap–O–Rooter articulated none of these bases in its motion to the trial court. Cheap–O–Rooter's entire Motion to Set Aside Default states:

> NOW COMES Plaintiff files this Motion to set aside the default of the plaintiff and schedule a new trial date.
>
> The plaintiff believed that the trial date was November 14, 2008, and has prepared for that date. It appears that the trial date was originally set for November 14, 2008, and then changed to October 14, 2008, and then changed again to October 28, 2008. The Plaintiff believed the trial was set for November 14, 2008. The Plaintiff did not receive a phone call or any kind of notice on October 28, 2008, that the trial was proceeding and the Defendant['']s attorney knew the plaintiff was ready for trial as exhibits and witness lists had been mailed only weeks earlier.
>
> The Plaintiff believes that the changes in setting of the trial dates caused the confusion and is the reason the Plaintiff did not appear on October 28, 2008. The Plaintiff has [its] case prepared and witness ready for trial on November 28, 2008.

¶ 12 On appeal, Marmalade argues that Cheap–O–Rooter's motion did not meet the standard for excusable neglect, namely, "that excusable neglect requires some evidence of diligence in order to justify relief." *Jones v. Layton/Okland,* 2009 UT 39, ¶ 20, 214 P.3d 859. Four factors are relevant to the inquiry: "[i] the danger of prejudice to [the nonmoving party], [ii] the length of the delay and its potential impact on judicial proceedings, [iii] the reason for the delay, including whether it was within the reasonable control of the movant, and [iv] whether the movant acted in good faith." *West v. Grand County,* 942 P.2d 337, 340–41 (Utah 1997) (alterations in original).

¶ 13 Here, we cannot review the district court's assessment of whether Cheap–O–Rooter's neglect was excusable because Cheap–O–Rooter did not provide any evidentiary support for its motion and the district court provided no findings of fact and did not state the basis for its ruling.

## CONCLUSION

¶ 14 Accordingly, we remand to the district court for reconsideration of its order and entry of an order consistent with this opinion. The district court should consider and address the inadequacies in Cheap–O–Rooter's motion. In addition, the district court should clarify its position on the award of attorney fees to Marmalade in connection with the default judgment and subsequent order setting aside the default. We deny Marmalade's request for attorney fees on appeal.

¶ 15 WE CONCUR: Gregory K. Orme and Carolyn B. McHugh, Judges.